FILED
OCT - 7 2005

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RICHARD L. SWEET, an individual and all others similarly situated, | * * * | CIV. 05-4124 |
| Plaintiff, | * | |
| -vs- | * * | MEMORANDUM OPINION AND ORDER |
| CITIBANK SOUTH DAKOTA, N.A., an Enterprise affecting interstate commerce; | * * * | |
| ROBERT BREIT, an individual predicate actor in schemes violating federal laws providing that fraud and extortion are are *malum in se* offenses; and | * * * * * | |
| WILLIAM J. SRSTKA, JR., an individual predicate actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses, | * * * * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Richard L. Sweet, filed the above pro se lawsuit alleging a "debt collection fraud racket. Doc. 1. All the Defendants have answered, and Defendants Citibank South Dakota, N.A., and Robert Breit in their answers have moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Doc. 9, 11. Plaintiff moved to withdraw his complaint. Doc. 10. None of the Defendants have responded to this motion. Defendant William J. Srstka has moved for summary judgment against Plaintiff. Doc. 12. Plaintiff has not responded to this motion.

Defendant William J. Srstka's involvement in the state court action which is the basis of this lawsuit was as a sitting circuit court judge presiding over an action for collection of alleged overdue accounts owed by Plaintiff. As a sitting state circuit court judge, Judge Srstka would have subject matter jurisdiction over an action to collect on overdue accounts and to recover on contracts. *See* S.D.C.L. Ch. 21-2.

Judicial immunity allows immunity from suit, not just immunity from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is overcome in only two sets of circumstances. First, there is no immunity for

nonjudicial actions, i.e., actions which are not taken in the judge's judicial capacity. Second, there is no immunity when a judge acts in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. at 11-12. Neither of the circumstances which would overcome judicial immunity is present in the case at hand.

Having considered all the documents on file and all applicable law,

IT IS HEREBY ORDERED:

(1) That Defendants Citibank South Dakota, N.A., and Robert Breit motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure( Doc. 9, 11) are denied;

(2) That Defendant William J. Srstka's motion for summary judgment against Plaintiff (Doc. 12) is granted and the action against Defendant William J. Srstka is dismissed with prejudice; and

(3) That Plaintiff's motion to withdraw his complaint (Doc. 10) is granted and the actions against Defendants Citibank South Dakota, N.A., and Robert Breit are dismissed without prejudice.

Dated this 7th day of October, 2005.

BY THE COURT:

_____
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)   DEPUTY

2